# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | Case No. 1:13CR00036-008 |
| v. ) | **OPINION AND ORDER** |
| ) | |
| **ROBERT SHAY DELAPP,** ) | By: James P. Jones |
| ) | United States District Judge |
| Defendant. ) | |

*Sara Bugbee Winn*, Assistant United States Attorney, Roanoke, Virginia, for United States; *John T. Stanford*, Assistant Federal Public Defender, Abingdon, Virginia, for Defendant.

The defendant, a federal inmate previously sentenced by this court, has filed a motion seeking compassionate release from his sentence. The motion is filed pursuant to 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018, Pub. L. No. 115-391, § 603, 132 Stat. 5194, 5239 (2018), which permits a reduction in sentence after considering the factors set forth in 18 U.S.C. § 3553(a) and if the court finds "extraordinary and compelling reasons warrant such a reduction" and the reduction "is consistent with applicable policy statements issued by the Sentencing Commission."[1] The defendant's motion has been fully briefed and is ripe for decision.

---

[1] The Sentencing Commission has adopted such policy provisions. Those policies provide in pertinent part that release may be granted if the court determines that "[e]xtraordinary and compelling reasons warrant the reduction" and "[t]he defendant is not

I.

Delapp was sentenced by this court on December 9, 2014, after pleading guilty to conspiring to distribute cocaine and cocaine base, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(C). In a written Plea Agreement, the government agreed to dismiss two distribution counts. Delapp qualified as a Career Offender under the Sentencing Guidelines. The court determined he had a sentencing range of 151 months to 188 months, based on a Total Offense Level of 29 and a criminal history score of VI. The court sentenced him below the guideline range to 120 months. His present projected release date is April 8, 2022.

Delapp has been diagnosed with, and received treatment for, hypertension while incarcerated. Bureau of Prisons Health Services, Clinical Health Encounter 8, ECF No. 677. Delapp is incarcerated at Lexington FMC, in Lexington, Kentucky. There are 8 confirmed active inmate cases as of July 6, 2020. Federal Bureau of Prisons, *COVID-19 Cases*, https://www.bop.gov/coronavirus/ (last visited July 6,

---

a danger to the safety of any other person or to the community." U.S. Sentencing Guidelines Manual ("USSG") § 1B1.13(1)(A), (2) (U.S. Sentencing Comm'n 2018). Those policies have not changed since the First Step Act of 2018 amended § 3582(c)(1)(A) to allow a direct motion by the inmate. But in any event, even the present commentary to § 1B1.13, while listing circumstances that the Director of the Bureau of Prisons ("BOP") is encouraged to consider in determining whether to file a motion for reduction, also emphasizes that "[t]he court is in a unique position to determine whether the circumstances warrant a reduction (and, if so, the amount of reduction) after considering the factors set forth in 18 U.S.C. § 3553(a) and the criteria set forth in this policy statement, such as the defendant's medical condition, the defendant's family circumstances, and whether the defendant is a danger to the safety of any other person or to the community." *Id.* at cmt. n.4.

- 3 -

2020).  However, seven inmates have previously died at Lexington FMC of Covid-19 over the course of the pandemic.  *Id.*

Delapp filed a pro se motion with this court on May 14, 2020, seeking a reduction in his sentence based on the ongoing coronavirus pandemic.  The court appointed the Federal Public Defender to represent Delapp and that office filed a supplemental motion on his behalf.  In that motion, filed on May 28, 2020, it was contended that Delapp's hypertension increased his risk of contracting Covid-19 if he is exposed to the coronavirus in prison.  Delapp's counsel also submitted a request on that same day to the Warden at Lexington FMC that the Warden file a motion with the court for Delapp's compassionate release due to his risk of harm from coronavirus because of his hypertension.  In its response to the supplemental motion, filed on June 4, 2020, the United States argued that the BOP has adopted adequate policies to protect inmates and staff from infection.  The government noted that Delapp had failed to exhaust his administrative remedies by filing his pro se motion with the court before submitting his request to the Warden.  It also asserted that Delapp is not a good candidate for compassionate release due to his extensive criminal record and his recidivism risk.  Delapp responded with a potential home plan to stay with, and care for, his elderly grandmother.

II.

Thirty days have now elapsed since Delapp requested compassionate release on May 28, 2020, and it appears that the Warden has not responded to his request. Therefore, Delapp's motion and supplemental motion are ripe for my consideration. The USSG advises that a court should consider three issues before turning to the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable: (1) whether extraordinary and compelling reasons warrant the reduction; (2) whether the inmate is a danger to the community, as provided in 18 U.S.C. § 3142(g); and (3) whether such a reduction is consistent with the policy statement. USSG § 1B1.13.

Delapp is 45 years old. He completed the ninth grade, but he did not graduate from high school. He became skilled in carpentry and he has obtained a GED during this recent incarceration. He has a limited work history due to being incarcerated for various periods since 2005, but he has worked in construction, landscaping, and factory employment when not incarcerated. Delapp has never been married and he does not have any children. Delapp has an extensive criminal history that includes numerous convictions for resisting stop, driving while suspended, possession of narcotics and drug paraphernalia, driving under the influence, attempted burglary, theft, forgery, and failure to appear. He also has a long substance abuse history. He started with alcohol and marijuana, and he eventually expanded to crack cocaine.

The facts supporting his conviction are serious in nature. Delapp was involved in a substantial crack cocaine distribution network, although he was neither a leader nor a manager of the conspiracy. His Presentence Investigation Report found that he was likely personally accountable for approximately 208.77 grams of crack cocaine. Delapp has demonstrated an inability to comply with requirements, including attending court when required to, and he has been revoked from state supervision numerous times for failure to comply. Ultimately, Delapp has shown a consistent refusal to follow the rules, and his noncompliance may continue if he were to be released at this stage. Considering these facts and the § 3553(a) factors, including the need for deterrence and to protect the public, I find that Delapp is not qualified for such extraordinary relief.

### III.

For the reasons stated, it is **ORDERED** that the defendant's motions, ECF Nos. 666 and 674, are DENIED.

ENTER: July 7, 2020

/s/  JAMES P. JONES
United States District Judge